UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORMAN G. STONE,                )
       Plaintiff              )       CIVIL ACTION NO.: 07-12327PBS
                                )
v.                              )
                                )
JOHN RUIZ,                      )
       Defendant              )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL RESPONSE TO INTERROGATORY NUMBER 9
OF STONE'S FIRST SET OF INTERROGATORIES TO RUIZ**

The plaintiff offers the following facts and authorities in support of his motion to compel responses to Interrogatory No. 9.

## INTERROGATORY NO. 9

What representations were made by the defendant to the Family Division Court in or about Las Vegas, Nevada in the matter of <u>Ruiz vs. Ruiz</u> relating to money you paid to the plaintiff, stating herein and identifying with particularity whether you:

a.  Relied upon payments made to plaintiff and, if so, list what payments were made given the time and place and method of payment;

b.  Asserted and or relied upon any of the payments you made, or were owed, to the plaintiff as it related to and or effected your monetary liability to your ex-wife;

c.  Filed an affidavit relating to said concessions;

d.  Made the representation(s) orally or in writing, and setting forth herein what was spoken or written; and

e.  Whether you were sworn in and made the representations under oath; and

f.  Directed, or heard, your attorney to make any similar representations in the identified proceedings.

**RESPONSE NO. 9**

Subject to the General Objections identified above, John Ruiz responds as follows: upon information and belief, Stone is referring to statements allegedly made during a settlement conference, which are inadmissible. Additionally, the record in the divorce case is under seal. Accordingly, this Interrogatory is not reasonably calculated to lead to the discovery of any admissible evidence. Federal Rule of Evidence 408(a)(2) prohibits the use of statements made in compromise negotiations regarding a claim (which covers settlement conferences) as evidence of the party's liability for a disputed claim. The First Circuit Court of Appeals has held that this Rule is meant to promote the public policy of dispute resolution outside the courtroom. *See generally McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985).

**ARGUMENT REGARDING RESPONSE NO. 9**

1.      Any objections (general or otherwise) that the defendant might have had to the plaintiff's interrogatories were waived as a result of his having served his objections beyond the thirty-day period allowed under Fed. R. Civ. P. 34(b). The plaintiff served his First Set of Interrogatories on or about August 14, 2008. The defendant's responses and/or objections were due to be served within thirty days. Thirty days passed without any responses and/or objections being served. The defendant did not serve his responses to document requests until December 1, 2008.

The defendant might argue that motions were pending at various times in the fall of 2008 relieving him of an obligation to respond to the plaintiff's document requests.[1]

---

[1]     The plaintiff sought to amend his complaint on August 11, 2008 (Docket No. 39). The motion was opposed (Docket Nos. 44-46). The Court denied the motion to amend on September 16, 2008. On November 12, 2008, the defendant filed another motion to

That argument would be wrong. There was no stay of discovery entered by the Court while any motions were pending. Further, between August 14, 2008 and December 1, 2008, the defendant made no request for an extension of time to respond to document requests. There was no written stipulation of the parties extending the time for serving responses to document requests as per Fed. R. Civ. P. 34(b) and Fed. R. Civ. P. 29. The defendant made no request to the Court for an extension under Fed. R. Civ. P. 34(b).

The defendant's failure to answer within the thirty-day period effectuated a waiver of any objections which he might have had to the document requests. Local Rule 34.1(c)(1) explicitly provides, in pertinent part, that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."

2.  The defendant's public policy argument against the discovery of the requested material is misplaced. On March 17, 2008, the plaintiff submitted to the Court an Affidavit of Sahara Ruiz (Docket No. 21) in which the defendant's ex-wife stated that there was a video recording of the settlement conference in their Nevada divorce case and that the defendant was on record making certain representations to the Court regarding his assets, including payments he had made to the plaintiff as his manager, trainer, and cut man. At a minimum, Request No. 1 is reasonably calculated to lead to the discovery of admissible evidence on the issue of the reasonable value of the plaintiff's services to the defendant.

Federal Rule of Civil Procedure 26 states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

dismiss the Plaintiff's First Amended Complaint (Docket No. 56). The Court denied the defendant's motion on November 26, 2008.

discovery of admissible evidence." Courts have found that Rule 408 does not apply to discovery requests; it only limits the introduction at trial of evidence regarding settlement negotiations. *Morse/Diesel, Inc. v. Fidelity and Deposit Co.*, 122 F.R.D.447, 449 (S.D.N.Y. 1988) ("'The policy of allowing open and free negotiations between parties by excluding conduct or statements made during the course of these discussions is not intended to conflict with the liberal rules of discovery embodied in the Federal Rules of Civil Procedure . . . Therefore, a party is not allowed to use Rule 408 as a screen for curtailing his adversary's rights of discovery.'") (*quoting* 2 J. Weinstein & M. Berger, *Evidence* P 408[1] at 408-15 to 408-16 (1986)); *Center for Auto Safety v. U.S. Dep't of Justice*, 576 F. Supp. 739, 749 n.23 (D.D.C. 1983) ("While [Rule 408's] intent is to foster settlement negotiations, the sole means chosen to effectuate that end is a limitation on their admission . . . for the purpose of proving liability at trial, not the application of a broad discovery privilege. Otherwise, parties would be unable to discover compromised offers which could be offered for a relevant purpose."). See *Ameristar Jet Charter, Inc. v. Signal Composites, Inc*., 244 F.3d 189, 193 (1st Cir. 2001) ("The Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery.") (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 91 L. Ed. 451, 67 S. Ct. 385, 34 Ohio Op. 395 (1947)); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 107 (D. Mass. 2002).

There is no need to determine whether the videotape of the settlement conference is admissible pursuant to Rule 408. It is enough to determine that its discovery may lead to evidence admissible at trial.

For the foregoing reasons, the Court should grant the plaintiff's motion and require the defendant and/or his attorneys to pay to the plaintiff the reasonable expenses incurred in making this motion, including attorneys' fees, pursuant to Fed. R. Civ. P. 37(a)(4)(A).

>Respectfully submitted,
>The Plaintiff, Norman Stone,
>
>By his Attorneys,
>
>/s/ Nicholas S. Guerrera
>Nicholas S. Guerrera, BBO#551475
>Shaheen, Guerrera & O'Leary, LLC
>Jefferson Office Park
>820A Turnpike Street
>North Andover, MA 01845
>(978) 689-0800
>
>/s/ Paul J. Anthony
>Paul J. Anthony, BBO#630872
>92 Montvale Avenue, Suite 2100
>Stoneham, Massachusetts 02180
>(781) 438-0555

Dated: January 20, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 20th day of January 2009.

>/s/ Nicholas S. Guerrera
>Nicholas S. Guerrera